No. 90-036

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

IN RE THE MARRIAGE OF JAMES LLOYD HERMAN,

    Petitioner and Cross-Appellant,

and

ELAINE GLENNA HERMAN,

    Respondent and Appellant.

FILED
'90 DEC 11 AM 10 48
ED SMITH, CLERK
MONTANA SUPREME COURT

---

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Leo J. Kottas, Sr., Helena, Montana  59624

    For Respondent:

    Elaine Glenna Herman, pro se, Helena, Montana  59604

---

Submitted:  September 27, 1990

Decided:  December 11, 1990

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

In September of 1989, the Lewis and Clark County District Court entered a decree of dissolution of the marriage of James Lloyd Herman (husband) and Elaine Glenna Herman (wife). Elaine Herman appeals from the District Court's award of property, maintenance, child support and attorneys' fees; James Herman cross-appeals from the award of attorneys' fees. We affirm.

The issues for review are:

1. Whether the District Court erred in its property division.

2. Whether the District Court erred in its maintenance award.

3. Whether the District Court erred in its child support award.

4. Whether the District Court erred in its attorneys' fees award.

Husband filed a petition for dissolution of marriage in Lewis and Clark County in October of 1984. On August 11, 1986, the court appointed a Special Master to make proposed Findings of Fact and Conclusions of Law on all matters of property division and child support, and on wife's request for maintenance and attorneys' fees. From evidence presented at the hearing, the Special Master prepared findings and conclusions to which wife had certain objections. A hearing held on December 19, 1988, disposed of these objections and provided a basis for issuing a final decree. Evidently a discrepancy arose between the proposed final decrees prepared by

the parties, and the court ordered a transcript be prepared of the proceedings that had occurred before the Special Master. Upon review of that transcript, the court issued an opinion and order on July 17, 1989, in which it adopted and clarified the rulings of the December 1988 hearing. A decree of dissolution was entered on September 27, 1989. From this decree, wife and husband appeal.

The first issue raised on appeal by wife is whether the District Court erred in its property division.

Wife contends that the District Court overvalued the family home which she was awarded as part of the property settlement. She protests that "if the most recent evidence of value is used for the home," she would be awarded less than $30,000 in equity. "The Master awarded the Petitioner more than that in missing cash," she states. However, the Special Master, after hearing conflicting testimony as to the value of the house, chose the estimate of the appraiser he determined to have the best qualifications. He found that the value was almost $40,000 higher than that which wife would have had him adopt. He thus concluded that that sum, coupled with the other property awards he made, provided her with ample resources to reestablish herself.

As to the remainder of the personal property, wife contends that the Special Master did not properly consider assets that were gained through inheritance or gift. Our review of the record shows that the Master used utmost care in considering the whole estate of the parties, and simply divided things as he saw fit according to the evidence. The issues of missing and undisclosed property

3

were likewise considered. The Special Master's findings, adopted by the District Court, indicate that wife was awarded the "far greater portion of the property" to provide her sufficient property to attend to her needs.

Deference is given to the trial court when faced with conflicting evidence. "Unless there is a clear preponderance of the evidence against the District Court's valuation, its findings, where based on substantial though conflicting evidence, will not be disturbed on appeal." Marriage of Milesnick, 235 Mont. 88, 95, 765 P.2d 751, 755 (1988). Here the District Court, through the Master's special investigation, made a reasonable finding on the value of the house and the property after carefully considering all of the evidence before it. Finding no clear preponderance of evidence to the contrary, we will not disturb its finding.

The next issue raised on appeal is whether the District Court erred in its maintenance award.

Wife contends that the District Court should have awarded her permanent maintenance. The court awarded wife maintenance in the sum of $1,000 per month for twelve months. Wife contends that because she has been absent from her career for a number of years, the one year award does not give her sufficient time to reestablish herself in her teaching career. She contends that she is entitled to three years temporary maintenance of $800 per month, plus permanent maintenance based on forfeiture of twenty years loss of professional advancement.

The relevant factors to be considered in determining the

4

amount and duration of the maintenance award are set out in § 40-4-203(2), MCA. That section provides:

> (2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant facts including:
>
> (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
>
> (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
>
> (c) the standard of living established during the marriage;
>
> (d) the duration of the marriage;
>
> (e) the age and the physical and emotional condition of the spouse seeking maintenance; and
>
> (f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

We realize that the District Court faces a considerable task in determining a maintenance award. Our standard of review in dissolution cases is accordingly limited. We will not disturb a District Court's judgment that is based on substantial credible evidence, unless a clear abuse of discretion is shown. In Re Marriage of Stewart, 232 Mont. 40, 42, 757 P.2d 765, 767 (1988).

In the present case, the Special Master awarded what he deemed as a far greater portion of the property to wife to provide for her reasonable needs. Because wife does not suffer from a disability and has no health problem that prevents her from

5

working, and because she has apparently obtained sufficient college credits to allow her to return to work as a teacher, the Special Master found that she would probably soon find appropriate employment. By awarding her the substantial balance of the property, he presumed she would be able to maintain the standard of living established during the twenty year marriage. Further, although wife did not accumulate the retirement benefits she would have received had she remained a teacher throughout the marriage, she was awarded nearly one-half of husband's accumulated PERS account. In short, while husband was in the best position to acquire assets during the marriage, the Master took special care to consider wife's non-monetary contribution during most of the marriage when computing her maintenance award.

The District Court's adoption of the Special Master's findings was clearly based on substantial credible evidence. The Master heard days of testimony and examined copious exhibits before making his findings and conclusions. The District Court thoroughly reviewed the outcome, even to the extent of having another hearing on objections. We therefore find no abuse of discretion.

The next issue raised on appeal is whether the District Court erred in its child support award.

The District Court awarded wife $570 per month for support of the parties' minor child. Husband is also ordered to maintain health insurance for the child. Wife claims that the Master erred when considering the child's need and should have awarded a monetary compensation for the learning disabled child, and further

should have awarded wife a $200 per month custodial fee.

Again the Special Master was confronted with conflicting evidence, and in some areas of contention, no evidence at all. As stated above, when faced with conflicting evidence, we give deference to the trial court's decision. The reason is apparent. "When confronted with conflicting evidence, the court must use its fact-finding powers to determine which evidence is more credible. Having had the opportunity to observe the witnesses, the trial court is in a position superior to that of the appellate court to judge the credibility of the testimony." Milesnick, 235 Mont. 88, 95, 765 P.2d 751, 755 (1988). Here the Special Master evaluated the evidence regarding the child, as did the District Court. We are particularly alert to allegations of unfairness when it comes to the care of a minor, and in this case, disabled child. However, our review of the decision, coupled with the District Court's review, convinces us of its soundness. We affirm the child support award.

The last issue raised on appeal is whether the District Court erred in its attorneys' fees award.

Both of the parties contest the attorneys' fees award in this appeal. Husband who has been ordered to pay one-half of wife's attorneys' fees objects on the ground that no hearing was held on any of the fees and that he had no opportunity to cross-examine the attorneys on the value of their services. However, the record discloses that there was a hearing at which husband, his attorney and wife's then attorneys were present. At that hearing counsel

fees were discussed and apportioned by the court in the presence of husband and counsel of record and all agreed on the figures calculated by the court. Following the discussion of the calculations, the court set the fees and agreed to hold a hearing on the fees upon the request of any party. No hearing was ever requested. The court ordered husband to pay one-half of wife's attorneys' fees. We find no abuse of discretion.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

8